UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

9:23-CV-81578-ROSENBERG

DARRIN MCCRAY,

    Appellant,

v.

US BANK NATIONAL
ASSOCIATION, et al.,

    Appellees.

                             /

Bankruptcy Case No:
23-01152-MAM

## OPINION AND ORDER DISMISSING BANKRUPTCY APPEAL

This matter is before the Court upon Appellant's Initial Brief [DE 12] on his appeal of four orders of the Bankruptcy Court:

(1) the *Order Granting Defendant U.S. Bank National Association's Motion to Dismiss Plaintiff Darrin L McCray's Complaint* (the "Dismissal Order") entered on November 2, 2023;

(2) the *Order Denying Motion for Reconsideration* (the "First Reconsideration Order") entered on November 6, 2023;

(3) the *Order Denying Motion for Clarification* (the "Clarification Order") entered on November 17, 2023; and

(4) the *Order Denying Motion for Reconsideration* (the "Second Reconsideration Order") entered on December 14, 2023.

The Court has considered Appellant's Initial Brief [DE 12], Appellee's Answer Brief [DE 13], all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court **DISMISSES THIS APPEAL** for lack of subject-matter jurisdiction.

This case stems from a Chapter 11 adversary proceeding in the Bankruptcy Court. *See* DE 1. On August 7, 2023, Plaintiff-Appellant Darrin McCray brought several causes of action against Defendant-Appellee U.S. Bank National Association, ultimately requesting the Bankruptcy Court (1) discharge Plaintiff-Appellant's "void debt due to U.S. Bank committing mortgage fraud" and (2) declaratory judgment declaring the mortgage null and void. DE 5-3 at 21. Defendant-Appellee U.S. Bank filed a motion to dismiss, and the Bankruptcy Court held a hearing on October 18, 2023. *See* DE 2-1 at 2; DE 8. At the hearing, the Court granted the motion. *See* DE 8.

Thus began the following series of filings:

- October 31, 2023: Plaintiff-Appellant filed his first motion for reconsideration.

- November 2, 2023: The Bankruptcy Court entered a written order granting Defendant-Appellee's motion to dismiss with prejudice (the "**Dismissal Order**" mentioned above).

- November 6, 2023: The Bankruptcy Court entered an order denying the motion for reconsideration (the "**First Reconsideration Order**" mentioned above).

- November 15, 2023: Plaintiff-Appellant filed a motion for clarification.

- November 17, 2023: The Bankruptcy Court entered an order denying the motion for clarification (the "**Clarification Order**" mentioned above).

- November 20, 2023: Plaintiff-Appellant filed a notice of appeal regarding the Dismissal Order and the First Reconsideration Order. *See McCray v. U.S. Bank Nat'l Ass'n*, No. 23-CV-81504-DMM (S.D. Fla. Nov. 20, 2023) (Notice of Appeal).

- December 6, 2023:  The Bankruptcy Court entered an order dismissing the appeal because Plaintiff-Appellant failed to timely file a designation or statement of issues.

- December 6, 2023:  Plaintiff-Appellant filed a Motion for Relief from Judgment as to the First Reconsideration Order, which the Bankruptcy Court construed as a second motion for reconsideration.

- December 14, 2023:   The Bankruptcy Court entered an order denying reconsideration (the "**Second Reconsideration Order**" mentioned above).

- December 22, 2023:  Plaintiff-Appellant filed the instant Notice of Appeal.

*See* DE 2-1.  Plaintiff-Appellant now appeals the Dismissal Order, as well as the three interlocutory orders challenging the Dismissal Order: the First Reconsideration Order, the Clarification Order, and the Second Reconsideration Order (together, the "Interlocutory Orders").

As a threshold matter, although Plaintiff-Appellant's Notice of Appeal is styled as an appeal of four Bankruptcy Court orders, Plaintiff-Appellant is effectively seeking to reinstate his previously dismissed appeal, which challenged two of those orders: the Dismissal Order and the First Reconsideration Order.  However, Bankruptcy Rule 8002 sets jurisdictional deadlines to appeal that Plaintiff-Appellant has not met.  A party has 14 days to file a notice of appeal after entry of the order being appealed; however, "the time to file an appeal runs for all parties from the entry of the order disposing of the last . . . remaining motion [for reconsideration] . . . if the motion is filed within 14 days after the judgment is entered." Bankruptcy R. 8002(a), (b)(1). Plaintiff-Appellant's first motion for reconsideration and motion for clarification were filed

3

within 14 days after the Dismissal Order, rendering the first notice of appeal timely. However, even if entry of the First Reconsideration Order and the Clarification Order tolled the time for Plaintiff-Appellant to appeal the Dismissal Order, the clock started on November 17, 2023, and ended on December 1, 2023. The instant appeal was filed on December 22, 2023, well beyond the jurisdictional deadline. The second notice of appeal—the one before this Court—is therefore not timely.

Therefore, this Court lacks jurisdiction over the second notice of appeal, which is an additional, new appeal of the Dismissal Order.[1] The Plaintiff-Appellant's appellate remedy, if one exists, would be to seek reinstatement of his first, timely appeal. This Court expresses no opinion on whether the first appeal should be reinstated, however, because that appeal is not before the undersigned.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that this case is **DISMISSED** for lack of subject-matter jurisdiction, and all other pending motions are **DENIED AS MOOT**. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of August, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[1] The Court does not find that the second motion for reconsideration tolls the appeal deadline because it was filed after the December 1, 2023, deadline and over 14 days after the Dismissal Order, the First Reconsideration Order, and the Clarification Order. In any case, "[a] party cannot file successive motions for reconsideration to indefinitely toll the time to appeal from the underlying judgment." *Vient v. Highlands News-Sun*, No. 22012140, 2023 WL 111056, at *2 (11th Cir. 2023) (citing *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988)).